## CARMICHAEL *et al. v.* BANKS.

Where in accordance with the provisions of a tax act a person convicted of violating the same was sentenced to pay a fine of $200, this being "double the tax" imposed by the statute, which further declared that "one half of said fine shall be applied to the payment of the tax, and the other to the fund of fines and forfeitures for use of officers of court," and where thereafter the Governor passed an order directing that this sentence "be and it is hereby commuted to the payment of the tax of $100.00 and

the costs of the case," and payment was made accordingly: *Held*, that the entire $100 should be appropriated to the payment of the tax due the State, and that no part thereof could lawfully be applied to the payment of costs due the officers of court. LITTLE, J., dissenting.

Submitted June 28, — Decided August 7, 1897.

Money rule. Before Judge Harris. Coweta superior court. September 29, 1896.

*Dorsey, Brewster & Howell,* for plaintiffs in error.

*J. M. Terrell, attorney-general,* and *Freeman & Wright,* contra.

LUMPKIN, P. J. The 4th section of the general tax act for the years 1891–2 contains the following provision: "Any person failing to register with the ordinary, or, having registered, fail to pay the tax, as herein required, shall be liable to indictment for a misdemeanor, and on conviction, shall be fined not less than double the tax, or be imprisoned as prescribed by section 4310 of the code, or both, in the discretion of the court; one half of said fine shall be applied to payment of the tax and the other to fund of fines and forfeitures for use of officers of court." See Acts of 1890–1, vol. 1, p. 40. The 4th section of the general tax act for the years 1893–4 contains a provision in almost the identical language above quoted. See Acts of 1892, p. 27.

At the September term, 1893, of the superior court of Coweta county, Fincannon was convicted upon a special presentment charging him with the offense of dealing in spirituous liquors without registering and paying the tax for the year 1893, as required by law. At the same term Wood was convicted upon two similar presentments, one relating to the year 1892, and the other to the year 1893. A fine of $200 was imposed in each case. Subsequently the Governor passed an executive order in the case of Fincannon, directing that the sentence against him "be and it is hereby commuted to the payment of the tax of $100.00 and the costs." A similar order was passed relating to the sentences against Wood, directing that they be "commuted to the payment of the tax of $200 for the years 1892 and 1893 and the costs." Thereupon Fincannon paid into court the sum of one hundred dollars and the costs of the prosecution against him, and Wood paid into court the sum of

two hundred dollars and the costs of the two cases against him; and both were discharged.. One.half of. the $300 was paid to the tax-collector of Coweta county; and upon the refusal of the officers of court to pay over to him the remaining half, he brought a rule against them, which the court, upon the facts above recited, made absolute, and the respondents excepted. ..

.The obvious design of the tax acts above referred to was to secure, in each instance where a conviction was had thereunder, the tax of $100 due the State, and to provide that the remainder of the fine imposed by the court should be applied to the payment of insolvent costs due to the officers of court in. criminal cases. It may be said that a fine of $200 imposed under either of these acts has two distinct halves, which the law devotes, respectively, to separate and distinct purposes.. One of these halves, viz. the first $100, is given to the State, and the other half, viz. the remaining $100, is given to the officers of court. The constitution confers upon the Governor. the power "to grant reprieves and pardons, to commute penalties, remove disabilities imposed by law, and to remit any part of. a sentence for offenses against the State, after convic-, tion," etc. Civil Code, § 5815. The unqualified power to grant pardons and commute penalties necessarily includes authority to pardon or commute upon such terms, not unlawful, as the Governor may see proper to exact or impose. It was unquestionably within his power to grant absolute and unconditional pardons in all of these cases, or to grant the pardons upon condition that the taxes due the State were paid. The executive orders above mentioned in effect did this very thing, because compliance with their terms, viz. payment of the taxes and costs, resulted in a discharge of the persons convicted. If, however, it is not in a strict sense proper. to treat these orders as conditional pardons, we are still of the opinion that the action taken by the Governor was fully. justified under the power given him "to remit any part of a sentence." As above seen, each of these sentences required the payment of a fine of $200. By operation of law, $100 of each fine was appropriated to the payment of the unpaid taxes,. and the remaining $100 to the payment of insolvent costs due

the officers. We think the Governor had authority to remit such portions of these fines as would otherwise have been applied to the use of the officers of court.

In any view of the matter, it was the right of the Governor to order the discharge of the persons convicted, upon their settling with the State the amounts due by them for unpaid taxes and the costs. This, we entertain no doubt, was what he intended to do; and irrespective of the phraseology employed in the orders he passed, we are of the opinion that his action in the premises ought to be sustained, and accordingly hold that the trial judge was right in making the rule absolute.

*Judgment affirmed. All the Justices concurring, except*

LITTLE, J., dissenting. Under the constitution of this State, the Governor is invested with power to "grant reprieves and pardons, to commute penalties, remove disabilities, and to remit any part of a sentence for offenses against the State," etc.; and other than as so given, that officer has no power or authority to change or interfere with the sentence or judgment imposed as a punishment on persons convicted of crime; and as to fines imposed as punishments, the law provides for their disposition when collected.

The act approved December 26, 1890 (Acts 1890–91, vol. 1, p. 40, section 4) and that approved December 23, 1892 (Acts 1892, p. 27, section 4) created an offense against the State, made the same a misdemeanor and provided for the punishment of those who committed it; and such offense is to be held and treated in all respects as other crimes and misdemeanors against the State. Accordingly, where one who was engaged in the business of selling spirituous liquors, on whom the law imposed a tax of one hundred dollars, failed to register as prescribed by law and also failed to pay such tax as was by these acts imposed, he was guilty of a misdemeanor, and the minimum punishment which could legally be inflicted on him by the judgment of a court was a fine of two hundred dollars.

The direction which the law gives as to the disposition of such fine when collected has nothing to do with the punishment of or penalty for the offense; and when an act of the General Assembly directs that one half of the fines collected

in such cases shall be applied to the tax and the other half to the fund of fines and forfeitures for use of officers of court, the question of the application of any part of such fines when collected is entirely beyond the power and prerogative of the Governor when he attempts to exercise the power to pardon, reprieve, or commute penalties.

Where on application to the Governor, by a person tried and convicted of such offense and fined two hundred dollars, an executive order was passed in the following language: "Ordered that the sentence against G. S. Fincannon be and the same is hereby commuted to the payment of the tax of one hundred dollars and the costs in said case," such order is in legal effect a commutation of the sentence of the applicant to a fine of one hundred dollars and costs, and under the law the commuted fine, when collected, should have been devoted one half to the tax and the other half to the fund of fines and forfeitures; and therefore so much of said order as directed how the commuted fine should be disposed of, was, under the law, void, and the judgment of the court below in failing to so rule ought to be reversed.